# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TABET and JENIFER TABET,<br><br>   Movants,<br><br>   vs.<br><br>U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>   Respondent. | CASE NO. 12-CV-1596-IEG (DHB)<br><br>**ORDER REJECTING MOVANTS' OBJECTIONS TO MAGISTRATE'S ORDER DENYING MOTION TO QUASH**<br><br>[Doc. No. 7] |

Before the Court are Movants Paul and Jenifer Tabet's objections to Magistrate Judge David H. Bartick's August 6, 2012 order denying their motion to quash administrative subpoenas issued by the United States Securities and Exchange Commission's ("SEC"). For the reasons below, the Court rejects Movants' objections and affirms Judge Bartick's order. Movants' motion to quash is **DENIED**.

## BACKGROUND

On February 7, 2012, the SEC issued a formal order of investigation into federal securities law violations in connection with pre-initial public offering shares of Facebook, Inc., *In the Matter of Certain Trading of Facebook, Inc.*, NY-08741. [*See* Doc. No. 1.] As part of this investigation, on June 14, 2012, the SEC issued two subpoenas to Bank of America, seeking Movants' personal bank records. [*Id*.] On June 28, 2012, Movants filed a motion to quash under the Right to Financial Privacy Act of 1978 ("RFPA"). [Doc. No. 1.] The matter was referred to Magistrate Judge David H. Bartick, who denied Movants' motion on August 6, 2012. [*See* Doc. No. 4.] On

August 28, 2012, Movant filed the present objections. [Doc. No. 7.]

## DISCUSSION

Upon timely objection, the district court reviews a magistrate's non-dispositive rulings for clear error and dispositive rulings *de novo*. Fed. R. Civ. P. 72(a), (b).[1] Though "[a] motion to quash is normally considered a non-dispositive matter," *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1155 (N.D. Cal. 2011) (citing *Arista Records LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)), where, as here, "the order denying the motion to quash dispose[s] of the sole issue in the case," it is considered dispositive. *Doe v. U.S. S.E.C.*, 2011 WL 5600513, at *2 (N.D. Cal. Nov. 17, 2011); *U.S. v. Bell*, 57 F.Supp.2d 898, 905 (N.D. Cal. 1999) ("Once the court grants or quashes the agency subpoena, it determines with finality the duties of the parties," and is thus dispositive.). Accordingly, the Court reviews Judge Bartick's order *de novo*. *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004) ("Where a party files written objections to the proposed disposition, '[t]he district judge to whom the case is assigned shall make a de novo determination upon the record.'") (quoting Rule 72(b)).

Movants move to quash pursuant to the RFPA. [*See* Doc. No. 1.] "The RFPA 'narrowly constrains the range of decisions which the Court may make with regard to motions to quash.'" *Rosiere v. U.S. S.E.C.*, 2010 WL 489526, at *3 (D. Nev. Feb. 5, 2010) (quoting *In re Blunden*, 896 F.Supp. 996, 999 (C.D. Cal. 1995)). It "provides that the court ***must*** deny a customer challenge to a subpoena if the government establishes the relevance of the subpoenaed documents to a legitimate law enforcement inquiry." *Id.* (emphasis in original); *accord Phelps v. Soc. Sec. Admin., Office of the Inspector General*, 2009 WL 862167, at *1 (S.D. Cal. March 26, 2009). Moreover, "[f]or the purposes of an administrative subpoena, the notion of relevancy is a broad one. An agency can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not. So long as the material touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not

---

[1] Movants' reliance on Fed. R. Civ. P. 59 and 60 is misplaced, [Doc. No. 7 at 1], for, *inter alia*, any such motion for reconsideration "must be presented to the rendering court." *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000) (J. Easterbrook); *accord First Beverages, Inc. v. Royal Crown Cola Co.*, 612 F.2d 1164, 1172 (9th Cir. 1980). This Court did not render Judge Bartick's order.

relevant." *S.E.C. v. Nicita*, 2007 WL 1704585, at *3 n.4 (S.D. Cal. June 13, 2007) (internal citation omitted).  Under this standard, a "declaration of [a] government official attesting to [the] commencement of investigation . . . [is] sufficient to establish [that the] law enforcement inquiry is legitimate, and records are relevant." *Rosiere*, 2010 WL 489526, at *3; *In re Blunden*, 896 F. Supp at 999 (same).

Here, the SEC's sworn, verified opposition sufficiently establishes both the legitimacy of the SEC's investigation and the relevance of the records sought in relation thereto.  [*See* Doc. No. 3.]  Under the RFPA, a legitimate law enforcement inquiry includes "a lawful investigation . . . into a violation of . . . any criminal or civil statute."  12 U.S.C. § 3401(8).  The SEC attests that the instant investigation relates to "possible violations of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934," [*see* Doc. No. 3 at 6-7], thus falling squarely within the SEC's statutory authority to investigate possible violations of the federal securities laws.  *See* 15 U.S.C. §§ 77y(a), 78u(a); *see also S.E.C. v. Arthur Young & Co.*, 584 F.2d 1018, 1023 (D.C. Cir. 1978) (Congress has endowed the Commission . . . with broad power to conduct investigations . . . to ferret out violations of the securities laws . . . and in that connection to call for production of relevant materials by those who seem to have them.").  As the SEC's investigation is a lawful investigation into violations of the federal securities laws, it constitutes a legitimate law enforcement inquiry under the RFPA.  *See In re Blunden*, 896 F.Supp. at 999.

The SEC's verified opposition further attests that the records sought by its subpoenas will, *inter alia*, help determine the extent of Movants' involvement in the scheme being investigated, show whether additional parties were involved, and help trace the proceeds of illegal transactions. [Doc. No. 3.]  Such ends are directly probative of the matters under investigation, *see In re John Doe*, 1990 WL 119321 (S.D.N.Y. Aug. 10, 1990) ("whether that person's bank account contains evidence of [illicit] conduct" is relevant to investigation of such illicit conduct), and thus more than suffice under the broad relevance standard applicable to administrative subpoenas.  *See Nicita*, 2007 WL 1704585, at *3 n.4; *Rosiere*, 2010 WL 489526, at *3.  Because the SEC's subpoenas are directly relevant to a legitimate law enforcement inquiry, Movants' motion to quash must be denied.  *See Casey v. FTC*, 578 F.2d 793, 799 (9th Cir. 1978) (administrative

1  "subpoena[s] must be enforced if the information sought is not plainly incompetent or irrelevant to
2  any lawful purpose.").

## CONCLUSION

4  For the foregoing reasons, as well as those articulated in Judge Bartick's sound order,
5  Movants' objections are **REJECTED** and motion to quash is **DENIED**.

6  **IT IS SO ORDERED.**

7  **DATED:**  September 11, 2012

8  **IRMA E. GONZALEZ**
   **United States District Judge**